APR 30 2026 PM 1:55
FILED - USDC - BPT - CT

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF CONNECTICUT
### BRIDGEPORT DIVISION

| | |
|---|---|
| John Hilaire, ) | Case No. |
| ) | |
| Petitioner/Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | **FCRA 15 U.S.C. § 1681** |
| **JPMORGAN CHASE BANK, N.A.** ) | |
| ) | |
| Defendants ) | |
| _____ ) | **TRIAL BY JURY DEMANDED** |

## I. INTRO

This is an action and claim for damages, declaratory relief, and other appropriate remedies arising from the inaccurate, inconsistent, and misleading reporting of Plaintiff's mortgage account information by Defendants in violation of federal and state law.

Plaintiff's mortgage tradeline associated with Defendant JPMorgan Chase Bank, N.A. was reported to consumer reporting agencies with materially conflicting account statuses and payment histories, including the same account being reported as 30 days late, current, and 90 days late across different consumer reports during the same general reporting period.

The same tradeline was also reported with differing counts of late payments, further evidencing inaccuracies, inconsistencies, and a failure to maintain or furnish reliable information.

Plaintiff disputed the inaccurate and misleading reporting through consumer reporting agencies. Despite receiving notice of Plaintiff's disputes, Defendants verified the tradeline and continued publishing conflicting derogatory information.

Page 1

In parallel, Defendant furnished information concerning Plaintiff's mortgage account to third parties, including consumer reporting agencies, while using Plaintiff's personal and financial information without clearly identifying the basis, scope, or purpose of such furnishing after Plaintiff raised disputes regarding the account. Plaintiff further alleges that Defendant failed to provide opt out disclosure notices required under the Gramm-Leach-Bliley Act ("GLBA"), implicating federal consumer financial privacy principles, and continued furnishing disputed information despite notice of inconsistencies. Such conduct forms part of Plaintiff's claims arising under federal and state consumer protection laws, including the Fair Credit Reporting Act, the Truth in Lending Act to the extent supported by discovery and proof, the Real Estate Settlement Procedures Act where applicable, and the Connecticut Unfair Trade Practices Act.

Defendants' conduct harmed Plaintiff's credit reputation and creditworthiness, impaired Plaintiff's ability to obtain credit on favorable terms, caused Plaintiff to expend substantial time and effort attempting to correct the reporting, and caused emotional distress and related damages.

## II. JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims arise under the laws of the United States of America.

2.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's related state law claims, which arise from the same transactions and occurrences and share a common nucleus of operative fact.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

### III. PARTIES

4.     Plaintiff John Hilaire is a consumer, whose mortgage account that was serviced, acquired, transferred to, and/or otherwise handled by Defendant JPMorgan Chase Bank, N.A..

5.     Defendant JPMorgan Chase Bank, N.A. is a federally chartered national banking association registered to do business in the state of Connecticut, and is a wholly-owned subsidiary of JPMorgan Chase & Co.

### IV. FACTUAL ALLEGATIONS

1. Plaintiff maintained a residential mortgage account that, at relevant times, was serviced by, assigned to, transferred to, and/or otherwise reported by Defendant JPMorgan Chase Bank, N.A. under the tradeline commonly identified as JPMCB HOME.

2. Prior to the transfer of the account, Plaintiff submitted a written billing dispute concerning the mortgage account and requested investigation of servicing and billing errors.

3. Plaintiff thereafter received correspondence acknowledging receipt of the dispute.

4. Plaintiff did not receive correspondence providing a final written determination or resolution of the disputed issues before the account was transferred and/or otherwise moved to another entity.

5. Following the transfer, information concerning the mortgage account continued to be furnished to consumer reporting agencies, including Experian Information Solutions, Inc., TransUnion LLC, and Equifax Information Services LLC.

6. Upon review of Plaintiff's consumer reports, the same mortgage tradeline appeared with different account statuses among the consumer reporting agencies during the same general reporting period.

7. For the same tradeline, one consumer report reflected the account as 30 days late, another reflected the account as current, and another reflected the account as 90 days late.

8. The same tradeline also reflected differing counts of late payments, including zero (0), one (1), and two (2) late payments depending on the reporting agency.

9. Plaintiff submitted disputes through one or more consumer reporting agencies challenging the accuracy and completeness of the reported information.

10. After Plaintiff's disputes were submitted, the tradeline was reported back to Plaintiff as verified and/or remained reported without correction.

11. Plaintiff requested clarification concerning the basis for the conflicting statuses and differing late-payment histories associated with the same account.

12. Plaintiff did not receive an explanation reconciling how the same mortgage account could simultaneously be reported with materially different delinquency statuses.

13. Defendant continued to publish a JPMCB HOME mortgage tradeline showing a progression from 30 days past due in September 2023 to 90 days past due in October 2023 without an intervening 60-day delinquency notation.

14. The differing reports concerning the same account were published to third parties who use consumer report information in connection with credit decisions.

15. Plaintiff did not receive any opt-out notices from defendant regarding the reporting of the financial information associated with the mortgage account.

## V. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq**

16. Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

17. Defendant furnished information concerning Plaintiff's mortgage account to one or more consumer reporting agencies.

18. The Fair Credit Reporting Act requires furnishers of information to provide accurate information and, upon notice of a dispute from a consumer reporting agency, to conduct a reasonable investigation, review all relevant information, and report accurate results.

19. Plaintiff disputed the reporting of the mortgage account and requested clarification and documentation regarding the basis for the reported balances, account status, payment history, and Defendant's authority for continued reporting.

20. Plaintiff also submitted disputes concerning the mortgage account to one or more consumer reporting agencies. Upon information and belief, those agencies notified Defendant of the disputes pursuant to 15 U.S.C. § 1681i(a)(2), thereby triggering Defendant's duties under 15 U.S.C. § 1681s-2(b).

21. After receiving notice of the disputes, Defendant failed to conduct a reasonable investigation and failed to review all relevant information provided in connection with the disputes.

22. Rather than providing a substantive response, Defendant failed to explain the reporting and continued to verify the mortgage account without producing supporting documentation.

23. Defendant did not provide documentation establishing the basis for the continued reporting of the mortgage account, including the reported balances, delinquency history, or account status.

24. Notwithstanding Plaintiff's disputes, Defendant continued to furnish and verify information concerning the mortgage account to consumer reporting agencies.

25.    The information furnished and verified by Defendant was inaccurate and/or materially misleading, including but not limited to the reporting of balances, payment history, delinquency progression, and account status in a manner that did not reflect a clear and substantiated basis and created a misleading impression of Plaintiff's obligations and creditworthiness.

26.    Upon information and belief, Defendant failed to modify, delete, or permanently block inaccurate or unverifiable information after its investigation.

27.    Defendant's conduct constitutes a failure to comply with its obligations under the Fair Credit Reporting Act, including 15 U.S.C. § 1681s-2(b). See *Sprague v. Salisbury Bank & Trust Co.* and *Longman v. Wachovia Bank, N.A.*

28.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered harm, including damage to creditworthiness, denial or loss of credit opportunities, increased cost of credit, higher down payment requirements, emotional distress, and other damages to be proven at trial.

29.    Defendant's violations were negligent and/or willful within the meaning of the Fair Credit Reporting Act.

**SECOND CLAIM FOR RELIEF**
**Declaratory Judgment – 28 U.S.C. § 2201**

30.    Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

31.    An actual, present, and continuing controversy exists between Plaintiff and Defendant concerning Defendant's ongoing maintenance, furnishing, publication, and verification of disputed credit information relating to Plaintiff.

32.    Plaintiff contends that certain tradelines, account histories, payment statuses, delinquency notations, inquiries, and related consumer report information maintained and published by

Defendant are inaccurate, incomplete, unverifiable, and/or materially misleading. Defendant has disputed Plaintiff's position and has continued to maintain, publish, and/or verify such information.

33. Plaintiff further contends that Defendant has failed to conduct reasonable investigations of Plaintiff's disputes, failed to provide adequate verification procedures or explanations, and has continued reporting disputed information despite notice of inaccuracies and deficiencies.

34. Because Defendant continues to maintain and furnish the disputed information, the controversy between the parties is ongoing and affects Plaintiff's present creditworthiness, access to credit, cost of credit, and financial opportunities.

35. A judicial declaration will serve a useful purpose by clarifying and settling the legal rights and obligations of the parties under the Fair Credit Reporting Act and related law, and by terminating the uncertainty giving rise to this dispute.

36. Plaintiff therefore seeks a declaration that:

(a) Defendant has a lawful basis to continue reporting the inaccurate mortgage account to consumer reporting agencies;

(b) Defendant is required to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff in any consumer report;

(c) Defendant must modify, suppress, block, or delete any information determined to be inaccurate, incomplete, unverifiable, or materially misleading; and;

(d) Defendant must provide reporting and dispute procedures consistent with the requirements of the Fair Credit Reporting Act.

37. Such declaratory relief will resolve the ongoing uncertainty between the parties and guide future conduct, including the continued reporting of the mortgage account.

38.    Plaintiff seeks this relief to clarify prospective rights and obligations and to prevent continued harm arising from unresolved and disputed account status.

## THIRD CLAIM FOR RELIEF
### (Violation of the Connecticut Unfair Trade Practices Act – Conn. Gen. Stat. § 42-110b et seq.)

39.    Plaintiff incorporates by reference all previous paragraphs as if fully set forth herein.

40.    Defendant JPMorgan Chase Bank, N.A. is engaged in trade or commerce within the State of Connecticut, including the servicing, collection, administration, and reporting of consumer mortgage and credit accounts.

41.    Plaintiff is a consumer within the meaning of CUTPA and engaged in transactions for personal, family, or household purposes.

42.    In the course of its business, Defendant furnished and caused to be furnished information concerning Plaintiff's account(s) to one or more consumer reporting agencies.

43.    Plaintiff disputed the accuracy, completeness, and reporting of Defendant's tradeline information, including delinquency history, payment status, account balances, and related credit reporting.

44.    Despite receiving notice of disputes directly and/or through one or more consumer reporting agencies, Defendant failed to provide a meaningful explanation or substantiating documentation supporting the reported information.

45.    Defendant continued to maintain and/or verify information concerning Plaintiff's account(s), including payment history and delinquency notations, without providing a clear and substantiated basis for such reporting.

46.    Upon information and belief, Defendant reported Plaintiff's account history in a misleading and inconsistent manner, including reporting the account as 30 days past due in

September 2023 and 90 days past due in October 2023, without reflecting an intervening delinquency progression or explanation.

47.     Defendant's conduct, as described herein, occurred in the course of trade or commerce and involved the servicing, administration, and reporting of consumer financial accounts.

48.     Defendant's conduct constitutes unfair and deceptive acts or practices within the meaning of CUTPA, including but not limited to:

(a) furnishing inaccurate, incomplete, and/or materially misleading account information to consumer reporting agencies;

(b) reporting delinquency history in a misleading or inconsistent manner without reasonable explanation or substantiation;

(c) failing to conduct a reasonable review or investigation after receiving disputes concerning the reported information;

(d) continuing to verify and publish disputed information without providing documentation supporting the reported balances, payment history, or account status;

(e) failing to communicate material information necessary for Plaintiff to understand and challenge the reported tradeline data; and

(f) maintaining reporting practices that created a misleading impression of Plaintiff's creditworthiness and payment history.

49.   Defendant's conduct offends public policy as reflected in the Fair Credit Reporting Act and Connecticut consumer protection law requiring accuracy, transparency, and fair dealing in the furnishing and reporting of consumer financial information.

50.   Defendant's conduct was immoral, unethical, oppressive, or unscrupulous in that it subjected Plaintiff to continuing credit harm and uncertainty while Defendant persisted in reporting disputed information without adequate substantiation.

51.   Defendant's conduct caused substantial injury to Plaintiff that was not reasonably avoidable and not outweighed by countervailing benefits to consumers or competition.

52.   As a direct and proximate result of Defendant's conduct, Plaintiff has suffered ascertainable losses, including damage to credit reputation and creditworthiness, denial or loss of credit opportunities, increased borrowing costs, higher down payment requirements, out-of-pocket expenses, and other measurable economic harm.

53.   Plaintiff seeks all relief available under CUTPA, including actual damages, punitive damages, equitable relief, costs, attorneys' fees to the extent permitted by law, and such other relief as the Court deems just and proper.

## VI. <u>JURY DEMAND</u>

Plaintiff hereby demands trial by jury of our peers on all issues, causes of action, and claims for which a right for demand for  trial by jury exists under the Constitution and laws of the United States of America.

## VII. <u>RELIEF REQUESTED</u>

Wherefore, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant JPMorgan Chase Bank National Association, and grant the following relief:

1.      **Declaratory relief** pursuant to 28 U.S.C. § 2201, declaring that:

•      Whether Defendant has a lawful basis to continue reporting the inaccurate account to consumer reporting agencies;

•      Whether Defendant has a lawful basis to maintain and assert the reported inaccurate mortgage account; and

•      The respective rights and obligations of the parties with respect to the account on a going-forward basis.

2.      **Statutory Damages** pursuant to 15 U.S.C. § 1681n for willful noncompliance with the Fair Credit Reporting Act;

3.      **Actual Damages** pursuant to 15 U.S.C. § 1681o and Conn. Gen. Stat. § 42-110g in an amount to be determined at trial for injuries suffered as a result of Defendant's conduct, which Plaintiff alleges are substantial and exceed $260,000.00, including damage to credit reputation, loss of credit opportunities, increased cost of credit, out-of-pocket expenses, and other economic and non-economic harm, as will be proven at trial.

4.      **Costs and reasonable attorneys' fees** pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, and Conn. Gen. Stat. § 42-110g(d).

5.      **Equitable and injunctive relief**, including but not limited to:

•      An order requiring Defendant to conduct a reasonable investigation and to correct or modify any information determined to be inaccurate, incomplete, or not supported by such investigation.

6.     **Punitive damages** as permitted under applicable law, including but not limited to 15 U.S.C. § 1681n and Conn. Gen. Stat. § 42-110g.

7.     Such other and further relief as the Court deems just, proper, and equitable.

## VIII. <u>VERIFICATION</u>

I, John Hilaire, the claimant in the above entitled action, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint against JPMorgan Chase Bank N.A. is true, and that I will verify the same in open court.

Executed this 30th day of April, 2026.

By:_____

John Hilaire

85 Victory Avenue, Bridgeport, Connecticut 06606-3022-852

STATE OF: Connecticut                              COUNTY OF: Fairfield

Subscribed and affirmed before me this __30__ day of _____April_____, 2026, by John Hilaire, known to me (or satisfactorily proven) to be the man whose name is subscribed to the foregoing instrument.

_____

Notary Public                              My Commission Expires:_____

PIERRE J BELIZAIRE
Notary Public, State of Connecticut
My Commission Expires June 30, 2026

Page 12

## CERTIFICATION

I hereby certify that on this 30th day of April, 2026, I caused a true and correct copy of the foregoing Complaint, together with a Summons issued by the Clerk of Court, to be delivered to the United States Marshal for service upon the Defendants at the following address:

**Defendant:** JPMorgan Chase Bank N.A.

**Defendants' Registered Agent Service Addresses in Connecticut:** CT Corporation System, 357 East Center Street, Ste. 2 J, Manchester, CT, 06040

Service will be affected by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3).

Respectfully submitted,

By: _John Hilaire_____

John Hilaire